**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAWN HOLDEN, | No.    16-35872 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05003-BHS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 19, 2018[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Dawn Holden appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Holden's application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we reverse.

The ALJ did not err by discounting consultative psychologist Dr. Garrison's opinion that Holden suffers from marked limitation in concentration, persistence, and pace. The ALJ supported this conclusion by citing to substantial evidence in the record, namely Dr. Khaleeq's opinion from a psychological evaluation that Holden's memory, thought content, and intellectual functioning were normal and Dr. McClellan's exam notes that Holden's concentration, persistence, and pace were within normal limits. Even if this evidence lends itself to more than one interpretation, we will uphold the ALJ's rational interpretation, *see Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008), and defer to the ALJ's resolution of ambiguities in the medical evidence, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008).

Even if the ALJ erred by relying upon Dr. Khaleeq's and Dr. McClellan's opinions, his finding that Holden was only moderately limited in concentration, persistence, and pace is still supported by substantial evidence. The ALJ also pointed to Holden's own statements that she participated in activities such as crocheting and could follow spoken instructions and pay attention for half an hour, as well as the psychiatric evaluation for the Washington Department of Social and

2

Health Services by Dr. Quinci, who concluded that Holden "had no limitation in her ability to understand, remember, and follow simple instructions or to follow complex instructions." Thus, the ALJ sustained this finding with other substantial evidence, rendering any error in this portion of the decision harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

However, the ALJ erred in assigning "little weight" to Dr. Garrison's opinion that Holden's condition equaled Listing 12.04(C). In reasoning that Dr. Garrison had undermined his own opinion by indicating that Holden had not had any episodes of decompensation in the past, the ALJ improperly conflated the requirements of the first and second clauses of Listing 12.04(C). While the first clause of Listing 12.04(C) requires evidence of repeated episodes of decompensation, the second clause requires only a prediction of decompensation occurring in the future and does not mention evidence of decompensation in the past. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, 12.04(C) (2014); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1084 (9th Cir. 2007) ("As a general interpretive principle, the plain meaning of a regulation governs." (citation and internal quotation marks omitted)). Because the ALJ erroneously incorporated the requirements of the first clause of Listing 12.04(C) when determining whether Holden fulfilled the criteria in the second clause of the listing, the ALJ misapplied

3

the regulation. *See Pitzer v. Sullivan*, 908 F.2d 502, 505 (9th Cir. 1990) (reversing an SSA decision that a claimant was not disabled and did not meet or equal a listed impairment where the agency "added new requirements to [the] medical listing . . . other than those required by the plain language of the regulation"). After finding that Holden was not presumptively disabled under the listing, the ALJ "proceeded to question four and five in the sequential inquiry . . . , rather than stopping at question three." *Id.* at 505-06. This error therefore affected the ultimate nondisability determination and was not harmless. *See Molina*, 674 F.3d at 1115.

The other reasons that the ALJ proffered for discounting Dr. Garrison's opinion lack specificity and support in the record. The ALJ's statement that Dr. Garrison's opinion "not only lacks substantial support in the record, but . . . contrasts sharply with the other evidence, which renders it less persuasive," without further explanation or citation to specific evidence in the record, "does not achieve the level of specificity our prior cases have required." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). The ALJ's remark that Dr. Garrison had observed that Holden had been sober for a little over a year at the time of the hearing and that Dr. Garrison had "minimized the claimant's substance use disorder throughout his testimony" also lacks specificity. *See id.*

4

Where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," the court may remand for payment of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) (citation and internal quotation marks omitted). All three requirements are met here: the record includes two consultative examiner opinions, in addition to Dr. Garrison's expert medical testimony, and the record therefore has been fully developed; the ALJ proffered insufficient reasons for rejecting Dr. Garrison's opinion that increases in mental demands or changes in the environment would likely cause Holden to decompensate, as required under Listing 12.04(C); and if this evidence were credited as true, the ALJ would be required to find Holden disabled on remand, as she would fulfill the criteria of Listing 12.04(C). *See id.*; *see also Pitzer*, 908 F.2d at 506 (finding these requirements met where agency committed legal error by imposing "a higher standard than the plain language of the [listing] regulation permits" and where no further proceedings were necessary). Furthermore, the record as a whole does not leave serious doubt as to whether Holden is actually disabled. Holden's mental health impairments and their effects

5

on her functionality are well documented in the record. We therefore reverse and remand for an immediate award of benefits.

**REVERSED AND REMANDED.**